UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL WALTERS, | ) | CASE NO. 1:12 CV 2837 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY SHERIFF DEPT., | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On November 14, 2012, petitioner *pro se* Paul Walters filed the above-captioned habeas corpus action. Walters, who is a pretrial detainee at the Cuyahoga County Jail, asserts violation of his constitutional rights because he was arrested on a warrant but did not receive a preliminary hearing. Instead, he was indicted by a grand jury. Further, he has been referred for psychiatric assessment twice in connection with the charges pending against him. The trial court has yet to rule on motions he filed on October 15 and October 22, 2012, seeking dismissal of the case on "the grounds of false charges and wrongful imprisonment." He complains he has not been receiving the proper medication at the jail, which is causing him to have panic attacks and "cardiospasms," and that he has been denied access to the law library.

As a threshold matter, Walters does not set forth any basis cognizable in habeas corpus for this court to order his release from incarceration. Further, habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Young v. Martin*, No. 02-2518, 83 Fed.Appx. 107, 109 (6th Cir. Dec. 5, 2003); *Okoro v. Scibana*, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Thus, to the extent petitioner

seeks relief other than release, the appropriate action would be to file a civil rights complaint.[1]

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        */s/Dan Aaron Polster 11/28/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] To file a civil rights action, petitioner would be required to file a civil complaint and pay the $350 filing fee or file a prisoner account statement so that the court would have sufficient financial information to assess and collect the filing fee. 28 U.S.C. § 1915(b).